UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELICITAS DOMINGUEZ, | No. 2:14-cv-2218 AC P |
| Plaintiff, | |
| v. | ORDER |
| STARBUCKS, | |
| Defendant. | |

Plaintiff, a county inmate proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to the jurisdiction of the undersigned. ECF No. 6. By order filed on September 30, 2014, plaintiff was ordered to file a completed in forma pauperis affidavit within thirty days. ECF No. 4. However, review of the complaint demonstrates that it is subject to summary dismissal, and for that reason the court will not assess a filing fee.

By her complaint, plaintiff alleges that she was attacked in Starbucks by a woman who bit her, drawing blood in the process. She further alleges that the police were called, but they neglected to call an ambulance. Based upon these events, plaintiff sues "Starbucks" for violation of her 8th Amendment rights. She seeks "a public apology" and $1.5 million in "restitution."

Plaintiff's complaint must be dismissed. The sole defendant here is "Starbucks," but there

1

1 is no allegation that Starbucks took, or failed to take, any action that affected plaintiff in any way.
2 Even if plaintiff had alleged some action on Starbucks's part, however, there is no allegation that
3 Starbucks took any action under color of state law, as required for a claim under Section 1983.
4 See 42 U.S.C. § 1983 (prohibiting rights violations by persons acting "under color of" law);
5 Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986) ("To make out a cause of action
6 under section 1983, plaintiffs must plead that (1) the defendants acting under color of state law
7 (2) deprived plaintiffs of rights secured by the Constitution or federal statutes"), cert. denied, 479
8 U.S. 1054 (1987).  Because Starbucks is not alleged to be a state actor, and any such allegations
9 would be frivolous, a § 1983 claim will not lie.

In addition, the Eighth Amendment imposes constitutional limitations on "punishments" imposed as part of the criminal process.  See Rhodes v. Chapman, 452 U.S. 337, 345-46 (1981); Ingraham v. Wright, 430 U.S. 651, 664 (1977) (the Eighth Amendment "was designed to protect those convicted of crimes").  There is no allegation in the complaint, nor any reasonable inference that can be drawn from the existing allegations, that the conduct of the woman in Starbucks, or the inaction of the police officers there, was in any way connected with any punishment of plaintiff or any criminal process relating to plaintiff.  Accordingly, even if Starbucks could be shown to have participated in state action, the claim must still be dismissed for its absence of any allegations relating to a punishment under the criminal process.

Dismissal without leave to amend is only proper where it is clear that a claim "could not be saved by any amendment." Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005).  It is this court's determination that the defects of this complaint could not be cured by amendment, as the complaint alleges conduct wholly unrelated to the protections afforded by Section 1983.

Accordingly, IT IS ORDERED that

1. This action is summarily DISMISSED;

2. Plaintiff's Application To Proceed in Forma Pauperis (ECF No. 7) is DENIED as moot; and

////

2

1     3.    The Clerk of the Court is directed to close this case.

2   DATED: October 22, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE